693 S.E.2d 451

**LLOYD'S, INC., a West Virginia Business Corporation, Plaintiff Below, Appellant,**

v.

**Charles R. LLOYD, Defendant Below, Appellee.**

No. 34866.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 9, 2010.

Decided March 4, 2010.

Kenneth E. Webb, Jr., J. Mark Adkins, Bowles Rice McDavid Graff & Love LLP, Charleston, WV, for Appellant.

Stephen B. Farmer, Erin K. King, Farmer, Cline & Campbell, PLLC, Charleston, WV, for Appellee.

PER CURIAM:

The appellant herein and plaintiff below, Lloyd's, Inc. (hereinafter "Lloyd's"), appeals from an order entered February 11, 2009, by the Circuit Court of Braxton County. By that order, the circuit court granted the motion to dismiss filed by the appellee herein and defendant below, Charles R. Lloyd (hereinafter "Charles Lloyd"), and dismissed Lloyd's complaint finding that the claims asserted therein were barred by *res judicata.* The circuit court additionally denied Lloyd's motion to amend its complaint to add an additional party defendant concluding that, even if leave were granted to add this party, the claims asserted were the same as those in Lloyd's original complaint and, thus, would be precluded by *res judicata.* On appeal to this Court, Lloyd's assigns error to the circuit court's rulings dismissing its complaint and denying its motion to amend its complaint. Upon a review of the parties' arguments, the record presented for appellate consideration, and the pertinent authorities, we affirm the decision of the Braxton County Circuit Court.

## I.

### FACTUAL AND PROCEDURAL HISTORY

To understand the instant controversy, it is necessary to briefly revisit the relationships among and the litigation history between the parties. Charles Lloyd is the father of William Greg Lloyd (hereinafter "Greg Lloyd") and Charles R. Lloyd, II (hereinafter "Chuck Lloyd"). Charles Lloyd, the appellee herein, owns several business interests and property holdings in Braxton County, West Virginia; he also is the owner of Lloyd Stave Company, Inc. (hereinafter "Lloyd Stave"), through which he operates a motel and a convenience store. Charles's son, Greg Lloyd, owns the appellant herein, Lloyd's, Inc., and, through this corporation, Greg Lloyd operates a hardware store. For several years, Charles Lloyd served as the bookkeeper for Lloyd's. Additionally, Greg Lloyd and his brother, Chuck Lloyd, jointly own Braxton Lumber Company (hereinafter "Braxton Lumber").

On April 20, 2004, Greg Lloyd filed a civil action (hereinafter "Case Number 04–C–39") in the Circuit Court of Braxton County against his father, Charles Lloyd; his brother, Chuck Lloyd; and Braxton Lumber Company. The essence of this lawsuit alleged

that Charles Lloyd and Chuck Lloyd were conspiring to keep Greg Lloyd from participating in the business decisions of Braxton Lumber and that, in furtherance of this scheme, Charles Lloyd had forged minutes of a Braxton Lumber board meeting. This lawsuit also sought judicial dissolution of Braxton Lumber Company and partition of real estate. In response to this complaint, Charles Lloyd filed a counterclaim against Greg Lloyd and a third-party complaint against Lloyd's through which he sought repayment of a $132,000.00 note that had secured loans he had made to Lloyd's, and which had been guaranteed by Greg Lloyd, in 1996 and 1997 for the hardware store's startup expenses. Charles Lloyd additionally sought repayment from Greg Lloyd and Lloyd's of unpaid rent for the parcel of property upon which the hardware store is located.[1]

Thereafter, Charles Lloyd filed a motion for summary judgment as to his counterclaims and third-party complaint. In response to this motion, Greg Lloyd and Lloyd's averred that Charles Lloyd, while keeping Lloyd's books, had misapplied payments they had made to Charles Lloyd in partial satisfaction of the $132,000.00 note. However, Greg Lloyd did not move to amend his complaint to add a cause of action against Charles Lloyd for misappropriation or conversion of these monies. Nor did Greg Lloyd or Lloyd's file a separate lawsuit during the pendency of Case Number 04–C–39 asserting such claims against Charles Lloyd.

During the ensuing trial of this matter in March and April 2007, Greg Lloyd and Lloyd's again attempted to defend themselves against Charles Lloyd's counterclaims and third-party complaint by claiming that he had misapplied payments they had made on the note. The trial court, however, refused to permit the late assertion of this defense ruling that such "issues . . . unfortunately . . . aren't in this lawsuit." In response to additional arguments made by Greg Lloyd and Lloyd's that the misapplied monies had been received either by Charles Lloyd or by Lloyd Stave Company, the trial court ruled that "Lloyd's [sic] Stave Company, a corporate entity, is a separate entity and considered an individual person. And if . . . they were wrongfully paid then . . . a proper action to . . . get that from Lloyd's [sic] Stave Company would be proper[.] . . . But, that's another day another dollar, so to speak, in the matter." By order entered March 5, 2008,[2] the trial court granted "Charles R. Lloyd's motion for judgment as a matter of law in favor of his third-party claim for payment of a $132,000.00 Note against Lloyd's, Inc." Greg Lloyd and Chuck Lloyd both appealed from the circuit court's rulings to this Court,[3] and this Court refused both of

---

**1.** Charles Lloyd ostensibly asserted these claims against Greg Lloyd pursuant to Rule 13 of the West Virginia Rules of Civil Procedure, which provides, in pertinent part:

  **(a) Compulsory Counterclaims.** A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

  **(b) Permissive Counterclaims.** A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

Insofar as the counterclaims Charles Lloyd asserted against Greg Lloyd did not appear to relate to Braxton Lumber Company, such counterclaims would have been permissive.

The claims Charles Lloyd asserted against Lloyd's, Inc., were by way of a third-party complaint insofar as Lloyd's, Inc., was not a party to the lawsuit Greg Lloyd initially filed in Case Number 04–C–39. *See* W. Va. R. Civ. P. 14 (explaining third-party proceedings).

**2.** It is not apparent from the record what occasioned the substantial delay between the April 4, 2007, rendering of judgment by the trial judge and the jury and the March 5, 2008, entry of the resulting "Judgment Order."

**3.** Both petitions for appeal were filed on August 27, 2008.

their petitions for appeal by orders entered December 9, 2008.[4]

On August 17, 2007, following the rendering of judgment in Case Number 04–C–39, Lloyd's filed a separate lawsuit (hereinafter "Case Number 07–C–76") against Charles Lloyd in the Circuit Court of Braxton County. This second litigation forms the basis of the case *sub judice*. In this proceeding, Lloyd's alleged that, while serving as its bookkeeper, Charles Lloyd had misappropriated, misapplied, and/or converted payments it had made in satisfaction of its debts; among the causes of action asserted against Charles Lloyd are claims for unjust enrichment and conversion. Through this action, Lloyd's attempts to show that it should not be required to pay the full amount of the $132,000.00 note, the repayment of which Charles Lloyd sought through his counterclaims and third-party complaint in Case Number 04–C–39, because Charles Lloyd wrongfully applied payments Lloyd's claims to have made in partial satisfaction of this obligation to the corporation's other debts.

Charles Lloyd filed a motion to dismiss Lloyd's complaint, arguing that the claims asserted therein are barred (1) as un-asserted compulsory counterclaims pursuant to Rule 13(a) of the West Virginia Rules of Civil Procedure, and (2) by the doctrine of *res judicata* given the resolution of Case Number 04–C–39 in which issues concerning the $132,000.00 note were litigated and finally adjudicated. During the course of these proceedings, Lloyd's moved to amend its complaint to add as a party defendant Lloyd Stave Company, claiming that the misapplied monies had been received by either Charles Lloyd, Lloyd Stave Company, or an unidentified third person.

By order entered February 11, 2009, the circuit court granted Charles Lloyd's motion to dismiss and denied Lloyd's motion to amend its complaint. In dismissing Lloyd's complaint, the circuit court ruled that

[t]he Defendant [Charles Lloyd] now argues that the Plaintiff's [Lloyd's] claims in the instant case should be barred by the doctrine of *res judicata*. Before the prosecution of a lawsuit may be barred by the doctrine of *res judicata*, three elements must be satisfied. First, "there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings." Second, "the two actions must involve either the same parties or persons in privity with those same parties." Finally, "the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action." Syl. Pt. 1, *Antolini v. West Virginia Division of Natural Resources*, [220 W.Va. 255,] 647 S.E.2d 535 (2007) [ (per curiam) ], quoting Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.*, [201 W.Va. 469,] 498 S.E.2d 41 (1997).

The Court believes that the issues raised in this case are barred by *res judicata*, and meet the three criteria set forth in the case law. A final judgment was entered in case 04–C–39 resolving Charles R. Lloyd's counterclaim on the $132,000 note. The parties in both cases are the same. While the cause of action in this case is not precisely the same as that in the prior case, it could have been resolved had it been properly presented in the prior action.

. . . .

The Plaintiff contends that it was prohibited from making it's [sic] case regarding the misapplied funds in the prior case. *The Court did bar the Plaintiff from arguing to the jury that Charles R. Lloyd misapplied funds. The Court did this because the Plaintiff did not raise this issue until after the jury trial was well underway and the Defendant was arguing for judgment as a matter of law.*

4. Following the entry of judgment in Case Number 04–C–39, Charles Lloyd sought and received injunctive relief in the Circuit Court of Braxton County to prevent Lloyd's from dissipating assets that could be used to repay the $132,000.00 note. Greg Lloyd then requested this Court to issue a writ of prohibition to prevent the circuit court from enforcing its injunction, and we granted such relief. *See State ex rel. Lloyd's, Inc. v. Facemire*, 224 W.Va. 558, 687 S.E.2d 341 (2009) (per curiam).

*In the prior case, there was some testimony elicited to support Plaintiff's claim that the Defendant misapplied funds,* and as the Plaintiff notes, it raised the argument in it's [sic] response to Charles R. Lloyd's motion for summary judgment in the prior case. *However, the issue was never squarely and properly put before the Court, it was only raised on the periphery, which is why the Court did not address the issue at the first trial.*

The Plaintiff had ample opportunity to amend the pleadings prior to trial, and the Court believes that the Plaintiff was required to amend the pleadings prior to the first trial, pursuant to Rule 13 of the West Virginia Rules of Civil Procedure. Rule 13(a) states, "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." In the first case, Charles R. Lloyd's counterclaims dealt with the money Lloyd's Inc. owed him, and the complaint in this case is dealing with the handling of that same debt. All issues regarding that debt should have been raised prior to the trial in case 04–C–39.

(Emphasis added).

Similarly, in denying Lloyd's motion to amend its complaint, the circuit court concluded that

[t]he Plaintiff [Lloyd's] has filed a Motion for Leave to File an Amended Complaint. In that motion, the Plaintiff is seeking to add Lloyd Stave Co. as a defendant to this action. The Plaintiff alleges that the monies that were misappropriated or misapplied by Charles R. Lloyd are in the possession of either the Defendant or Lloyd Stave Co., which is solely owned by Charles R. Lloyd.

*Adding Lloyd Stave Co. does not alter the factual allegations in the complaint, which should have been plead in case 04–C–39. Again, if Lloyd's Inc. believed that Lloyd Stave Co. had improperly applied* payments by Lloyd's Inc., on it's [sic] debt to Charles R. Lloyd, then Lloyd Stave Co. should have been joined as a party in the original action. Lloyd Stave Co. is solely owned by Charles R. Lloyd, and could have been added in the original case. Even if the Court were to allow the amendment, the same *res judicata* arguments would apply to the amended complaint, and the amended complaint would ultimately be dismissed.

(Emphasis added). From these adverse rulings, Lloyd's appeals to this Court.

## II.

### STANDARD OF REVIEW

■ Before this Court, Lloyd's raises two assignments of error. First, Lloyd's contends that the circuit court erred by dismissing its complaint. With respect to our consideration of this assignment of error, we previously have held that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995).

■ The second assignment of error raised by Lloyd's concerns the circuit court's denial of Lloyd's motion to amend its complaint. We typically afford lower courts broad discretion in ruling upon motions to amend:

A trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend.

Syl. pt. 6, *Perdue v. S.J. Groves & Sons Co.,* 152 W.Va. 222, 161 S.E.2d 250 (1968). Mindful of these standards, we proceed to consider the parties' arguments.

## III.

### DISCUSSION

On appeal to this Court, Lloyd's assigns two errors to the circuit court's rulings: (1) the circuit court erred by dismissing its complaint and (2) the circuit court erred by denying Lloyd's motion to amend its complaint. We will consider these issues in turn.

### A. Motion to Dismiss Complaint

■ Lloyd's first argues that the circuit court erred by dismissing its complaint. In rendering this ruling, the circuit court found that Lloyd's was required to assert its claims against Charles Lloyd for conversion and unjust enrichment as compulsory counterclaims in Case Number 04–C–39 pursuant to Rule 13(a) of the West Virginia Rules of Civil Procedure. The circuit court additionally determined that such claims were barred by res judicata.

In this assignment of error, Lloyd's contends that the circuit court erred by finding its claims to be barred by res judicata because the requisite elements have not been met. Citing Syl. pt. 4, Blake v. Charleston Area Med. Ctr., Inc., 201 W.Va. 469, 498 S.E.2d 41 (1997). While Lloyd's concedes that the first two elements of res judicata have been satisfied herein, i.e., final adjudication on the merits and identity of the parties, Lloyd's argues that the third element has not been satisfied because the present cause of action is not identical to the cause of action determined in the previous civil action. In defending against Charles Lloyd's counterclaim seeking payment of the $132,000.00 note in Case Number 04–C–39, Lloyd's attempted to allege that Charles Lloyd had misapplied an $84,000.00 payment it had made to Charles Lloyd in partial satisfaction of this loan to another obligation that previously had been fully satisfied. Lloyd's claims that, had such payment been correctly applied, the amount of indebtedness remaining on this note would have been reduced by the amount of such payment. Although Lloyd's attempted to assert this defense in the prior action, the trial court precluded Lloyd's from doing so, thus necessitating the instant, separate action seeking recovery on such claims. Because Lloyd's claims for conversion and

unjust enrichment were not resolved in the prior civil action, despite its attempts to assert them in the course of such litigation, Lloyd's contends that the third element of res judicata, i.e., identical claims, has not been satisfied, and the circuit court erred in dismissing its complaint.

Charles Lloyd responds that the circuit court correctly dismissed Lloyd's complaint based upon res judicata and Rule 13(a). In support of his position, Charles Lloyd contends that all three elements of res judicata have been satisfied. First, the previous case was finally adjudicated on the merits. Second, the prior lawsuit and the instant litigation involve the same parties. Third, the claims Lloyd's seeks to assert in this proceeding could have been resolved had they been properly plead as an affirmative defense or asserted via counterclaim in the prior litigation. However, Lloyd's chose not to plead these affirmative defenses or file a counterclaim in the previous lawsuit and, instead, raised these issues for the first time in response to Charles Lloyd's motion for judgment as a matter of law even though the information it has to support its assertion of these claims in the instant proceeding is the same information that was available to it in the previous lawsuit. Moreover, Lloyd's does not claim that Charles Lloyd acted fraudulently or otherwise precluded it from earlier discovering these causes of action. Citing Blake, 201 W.Va. at 477, 498 S.E.2d at 49. Finally, Charles Lloyd contends that permitting Lloyd's to assert its claims in the case sub judice would impair his rights vis-a-vis the circuit court's final judgment order entered in Case Number 04–C–39 by reducing the amount the court found that he was entitled to recover from Greg Lloyd and Lloyd's, i.e., the full amount of the $132,000.00 note, effectively nullifying the court's judgment. Citing Restatement (Second) of Judgments § 22 (1982).

■ The question presented for this Court's resolution by this assignment of error is whether the circuit court erred by dismissing Lloyd's complaint in the case sub judice. In rendering its ruling, the circuit court concluded that the doctrine of res judicata operated to bar Lloyd's from litigating

its claims in this case. This Court previously has defined the doctrine of *res judicata* as follows:

Before the prosecution of a lawsuit may be barred on the basis of *res judicata,* three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syl. pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.,* 201 W.Va. 469, 498 S.E.2d 41 (1997). Applying these factors to the instant proceeding, the circuit court determined that each of these three factors had been satisfied, and Lloyd's concedes that the first two criteria, *i.e.,* final adjudication on the merits and identity of parties, have been fulfilled. Therefore, we must determine whether the third element of *res judicata,* namely identity of cause of action or ability to have previously resolved the cause of action, has been met in this case. We find that it has and, accordingly, that Lloyd's lawsuit in the case *sub judice* is barred by *res judicata.*

The third element of *res judicata* requires that "the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action." Syl. pt. 4, in part, *Blake,* 201 W.Va. 469, 498 S.E.2d 41. In other words,

"'[a]n adjudication by a court having jurisdiction of the subject-matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject-matter of the action. It is not essential that the matter should have been formally put in issue in a former suit,

but it is sufficient that the *status* of the suit was such that the parties might have had the matter disposed of on its merits. An erroneous ruling of the court will not prevent the matter from being *res judicata.*' Point 1, Syllabus, *Sayre's Adm'r v. Harpold,* 33 W.Va. 553[, 11 S.E. 16 (1890) ]." Syllabus Point 1, *In re Estate of McIntosh,* 144 W.Va. 583, 109 S.E.2d 153 (1959).

Syl. pt. 1, *Conley v. Spillers,* 171 W.Va. 584, 301 S.E.2d 216 (1983). Thus, the lower court need not have finally determined Lloyd's claim of misappropriation against Charles Lloyd in the prior litigation for this claim to be barred by *res judicata* in the instant proceeding. Nevertheless, insofar as the prior litigation resulted in a final adjudication of Lloyd's obligation to repay the entire $132,000.00 note, any defenses Lloyd's had thereto, including the alleged misappropriation of its $84,000.00 payment thereon, were matters "that . . . could have been resolved, had [they] been [properly] presented, in the prior action." Syl. pt. 4, in part, *Blake v. Charleston Area Med. Ctr., Inc.,* 201 W.Va. 469, 498 S.E.2d 41.

Although Lloyd's advances several reasons why it believes that this final criterion has not been satisfied, we find each of these arguments to be without merit. First, Lloyd's argues that it could not have brought its claims for misappropriation or conversion earlier in the prior litigation because it did not learn of the misappropriation until it found the alleged error in its records after substantial discovery had occurred. This argument ignores the simple fact that, if Lloyd's believed it had already paid $84,000.00 in partial satisfaction of its $132,000.00 note, Lloyd's immediately was placed on notice that something was awry when it received Charles Lloyd's answer and counterclaim seeking repayment of the full $132,000.00 obligation. The payment Lloyd's alleges it made, *i.e.,* $84,000.00, is not an insignificant sum of money, and, if this payment had been correctly applied, it would have reduced Lloyd's indebtedness on this note to $48,000.00. Therefore, the argument that Lloyd's could not have learned of the alleged misapplication of this payment until

substantial discovery had taken place is not credible.

Moreover, upon having learned of the existence of this misappropriation claim, Lloyd's was required to *timely* assert it in the prior litigation as a compulsory counterclaim pursuant to Rule 13(a) of the West Virginia Rules of Civil Procedure. Rule 13(a) directs that

> [a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

Here, it is clear that Lloyd's misappropriation claim existed when Charles Lloyd served his counterclaim seeking repayment of the $132,000.00 note and that such claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's [Charles Lloyd's] claim" because it is an affirmative defense to such counterclaim. W. Va. R. Civ. P. 13(a). Despite the compulsory nature of this counterclaim, Lloyd's did not *timely* assert it in the prior litigation.

Although the record of the prior proceeding is not before this Court, the circuit court, in its order dismissing Lloyd's complaint, referred to the prior proceeding and indicated that Lloyd's referenced its defense of misappropriation to Charles Lloyd's counterclaim only twice during the course of such proceedings: first, in its response to Charles Lloyd's summary judgment motion, and second, during the jury trial of the underlying

matter. At no time during that case's litigation did Greg Lloyd move to amend his complaint to add this compulsory counterclaim as required by Rule 13(a) nor did Lloyd's raise this issue in response to Charles Lloyd's third-party complaint. Neither did Lloyd's *timely* assert this defense insofar as it attempted to raise it during the *middle* of the jury trial, at which point the circuit court deemed it to be too late to permit Lloyd's to assert its claim at that juncture because an additional litigant, Lloyd Stave Company, would have been required to be added as a party to fully determine the merits of such claim.[5] In short, Lloyd's failed to assert its misappropriation counterclaim in response to Charles Lloyd's claim seeking repayment of the $132,000.00 note obligation. Such "[f]ailure to assert a compulsory counterclaim is a waiver and abandonment of such a claim." *Carper v. Kanawha Banking & Trust Co.,* 157 W.Va. 477, 515, 207 S.E.2d 897, 920 (1974).

Finally, whether the lower court erred in refusing to permit Lloyd's to assert its misappropriation claim in the prior litigation is of no moment because, even if an error had occurred, it would not protect the claim from being barred by *res judicata. See* Syl. pt. 1, in part, *Conley v. Spillers,* 171 W.Va. 584, 301 S.E.2d 216. Furthermore, even though this Court rejected Greg Lloyd's appeal in the prior litigation, any assignment of error regarding the circuit court's refusal to permit the assertion of the misappropriation claim has been waived because (1) Greg Lloyd did not assign error to such ruling when he appealed from the circuit court's final order in Case Number 04–C–39 and (2) Lloyd's did not file any appeal whatsoever from the circuit court's final order. *See* Syl. pt. 6, *Adair v. Bryant,* 168 W.Va. 306, 284 S.E.2d 374 (1981) ("Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived."). Thus, any possible avenues of relief from this ruling have been foreclosed by Lloyd's failure to preserve this issue for appellate consideration by filing an appeal in the prior litigation, and Lloyd's may not relitigate the wis-

---

5. Even after the circuit court's rejection of Lloyd's misappropriation claim during the trial of the first case and what Lloyd's characterizes as the circuit court's directive to assert such a claim in a separate lawsuit, Lloyd's did not immediately heed the court's advice but, instead, waited over four months after the jury rendered its verdict before filing the instant litigation.

dom of the circuit court's previous rulings *in the instant proceeding.*

Accordingly, we conclude that the circuit court correctly dismissed Lloyd's complaint finding it to be barred by *res judicata* because Lloyd's misappropriation claim is "such that it could have been resolved had it been presented in the prior litigation." Syl. pt. 4, in part, *Blake,* 201 W.Va. 469, 498 S.E.2d 41. Therefore, we affirm the circuit court's order dismissing Lloyd's complaint.

### B. Motion to Amend Complaint

■ Lloyd's additionally argues that the circuit court erred by denying its motion to amend its complaint to add Lloyd Stave Company as a party defendant. In so ruling, the circuit court observed that Lloyd Stave should have been added as a party to the original proceeding because Lloyd's claims against Lloyd Stave were identical to the ones it sought to assert against Charles Lloyd. The circuit court also determined that, even if it granted Lloyd's motion to amend its complaint, *res judicata* would bar Lloyd's from asserting its misappropriation claims against Lloyd Stave.

On appeal to this Court, Lloyd's contends that the circuit court erred by determining that its claims against Lloyd Stave were compulsory counterclaims when Lloyd Stave was not a party to the prior proceedings. As with the claims it now attempts to assert against Charles Lloyd, Lloyd's contends that it was not aware that Lloyd Stave may have been the beneficiary of the misapplied monies until *after* it had filed its answer to Charles Lloyd's third-party complaint and had conducted substantial discovery in the prior lawsuit. Therefore, Lloyd's argues that it could not have brought its claims against Lloyd Stave in the earlier lawsuit, and, therefore, the circuit court erred by denying its motion to amend its complaint to add Lloyd Stave as a party defendant.

Charles Lloyd responds that the circuit court correctly denied Lloyd's motion to amend its complaint and correctly ruled that, even if such an amendment had been permitted, Lloyd's claims against Lloyd Stave would be barred by *res judicata.*

In this assignment of error we must determine whether the circuit court abused its discretion when it refused to permit Lloyd's

to amend its complaint to add Lloyd Stave as a party defendant. *See* Syl. pt. 6, *Perdue v. S.J. Groves & Sons Co.,* 152 W.Va. 222, 161 S.E.2d 250. Insofar as we have determined that the circuit court did not err by dismissing Lloyd's complaint in the first instance, we likewise conclude that the circuit court properly exercised its discretion in denying Lloyd's motion to amend said complaint.

■ Rule 15(a) of the West Virginia Rules of Civil Procedure permits a party to amend pleadings "only by leave of court or by written consent of the adverse party," and counsels that "leave [to amend] shall be freely given when justice so requires," *id.* We have interpreted this language broadly and permissively:

> "[t]he purpose of the words 'and leave [to amend] shall be freely given when justice so requires' in Rule 15(a) W. Va. R. Civ. P., is to secure an adjudication on the merits of the controversy as would be secured under identical factual situations in the absence of procedural impediments; therefore, motions to amend should always be granted under Rule 15 when: (1) the amendment permits the presentation of the merits of the action; (2) the adverse party is not prejudiced by the sudden assertion of the subject of the amendment; and (3) the adverse party can be given ample opportunity to meet the issue." Syllabus Point 3, *Rosier v. Garron, Inc.,* 156 W.Va. 861, 199 S.E.2d 50 (1973).

Syl. pt. 2, *State ex rel. Vedder v. Zakaib,* 217 W.Va. 528, 618 S.E.2d 537 (2005). However, we also have recognized that

> [t]he liberality allowed in the amendment of pleadings pursuant to Rule 15(a) of the West Virginia Rules of Civil Procedure does not entitle a party to be dilatory in asserting claims or to neglect his or her case for a long period of time. Lack of diligence is justification for a denial of leave to amend where the delay is unreasonable, and places the burden on the moving party to demonstrate some valid reason for his or her neglect and delay.

Syl. pt. 3, *Vedder,* 217 W.Va. 528, 618 S.E.2d 537.

Under the facts of the case before us, we conclude that the circuit court correctly denied Lloyd's motion to amend its complaint

because the claims sought to be asserted against Lloyd Stave would not have "permit[ted] the presentation of the merits of the action," Syl. pt. 2, *Vedder*, 217 W.Va. 528, 618 S.E.2d 537, because such claims also would have been barred by *res judicata*. Lloyd Stave was in privity with a party to the prior litigation, namely Charles Lloyd, and the claims asserted against Lloyd Stave are identical to the ones asserted against Charles Lloyd, which we have determined are barred by *res judicata*.

Moreover, the dilatoriness demonstrated by Lloyd's in its attempt to amend its complaint in the first instance deprives it of the relief it now seeks from this Court. *See* Syl. pt. 3, *Vedder*, 217 W.Va. 528, 618 S.E.2d 537. During the initial lawsuit, the circuit court directed Lloyd's to file a separate action against Lloyd Stave through which it could assert its misappropriation claims. Lloyd's filed its separate action on August 17, 2007, but it did not name Lloyd Stave as a party defendant. Despite the fact that the inclusion of Lloyd Stave was so integral a party to the resolution of Lloyd's misappropriation claims that the circuit court refused to permit Lloyd's to assert such claims in the initial lawsuit, Lloyd's did not move to amend its complaint to add Lloyd Stave as a party defendant until nearly *one year later* when it filed its motion to amend on August 6, 2008. There simply is no explanation for this omission of a necessary party in the first instance or the subsequent dilatoriness in moving to add this party after the fact.

Accordingly, we conclude that the circuit court correctly denied Lloyd's motion to amend its complaint to add Lloyd Stave as a party defendant. Therefore, we affirm the circuit court's order refusing Lloyd's motion.

## IV.

### CONCLUSION

For the foregoing reasons, the February 11, 2009, order of the Circuit Court of Braxton County is hereby affirmed.

Affirmed.