# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Triad Insulation, Inc., d/b/a Triad Environmental Consulting, and Brian E. Galligan, Plaintiffs Below, Petitioners**

**FILED**

June 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1110** (Kanawha County 11-C-20)

**Nationwide Mutual Fire Insurance Company, and Joseph M. Kirtner, individually, and as agent for Nationwide Mutual Fire Insurance Company, Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Triad Insulation, Inc., d/b/a Triad Environmental Consulting, and Brian E. Galligan, by counsel John J. Polak, Mark A. Atkinson, Michael A. Olivio, and Travis A. Griffith, appeal the order of the Circuit Court of Kanawha County, entered October 27, 2011, granting respondents' motion to dismiss a "negligence claim" of Mr. Galligan. Petitioners also appeal the order entered August 14, 2012, denying petitioners' motion for leave to amend their complaint to add Mr. Galligan's wife, Helen Rodman Galligan, as a plaintiff. Respondents appeared by Stuart A. McMillan and Evan R. Kime. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Triad Insulation, Inc., doing business as Triad Environmental Consulting (Triad), was the sole named insured under a commercial property insurance policy issued by Respondent Nationwide Mutual Fire Insurance Company (Nationwide). Petitioner Brian E. Galligan is the president/owner of Triad. The insurance policy provided coverage for direct physical loss or damage to real and personal property covered by the policy. The policy covered a building located in Huntington, West Virginia. Mr. Galligan's wife, Helen Rodman Galligan, owned the building. Triad used the building as its primary place of business.

On January 6, 2010, the building suffered structural damage to the roof due to large quantities of snow and ice buildup after severe winter storm weather. Triad reported the structural damage claim to Nationwide, and it assigned Respondent Joseph Kirtner to process the claim. After the claim was reported to Nationwide, respondents assumed control over all matters

1

related to the loss, including determining the nature and extent of the repairs required to the insured property.[1]

Petitioners' complaint alleged that respondents mishandled the adjustment of the loss by failing and refusing to authorize necessary repairs in a reasonable and timely manner, which ultimately resulted in the total loss and demolition of the building in March of 2010. Petitioners allege that, but for the delay by respondents in approving necessary repairs to the building, the building, and its contents, could have been saved.

In response to petitioners' pleading, respondents filed a motion to dismiss count five of the complaint, wherein Mr. Galligan claimed loss of his personal property stored in the building. Mr. Galligan calls this claim his "negligence" claim. Respondents asserted that Mr. Galligan was not an insured under the contract of insurance, and therefore his allegation in the complaint that Nationwide "failed to exercise reasonable care in the performance of [its] duties related to the adjustment of the claim," is a prohibited third-party suit for bad faith handling of an insurance claim. By order dated October 27, 2011, the circuit court granted respondents' motion to dismiss this claim, citing *Elmore v. State Farm Mutual Insurance Company*, 202 W.Va. 430, 504 S.E.2d 893 (1998).

Petitioners filed a motion for leave to file an amended complaint on September 21, 2011. In count six of the proposed amended complaint, petitioners sought to add a "negligence" claim on behalf of Mrs. Galligan as owner of the building. Respondents opposed the motion for leave to file an amended complaint. By order entered on August 14, 2012, the circuit court denied, as futile, petitioners' motion for leave to amend their complaint to add Mrs. Galligan as a plaintiff because she was not an insured under the contract. In the order entered on August 14, 2012, the circuit court also granted petitioners' motion to certify both orders as final judgments under Rule 54(b). Petitioners appeal from these two rulings of the circuit court.

The posture of this appeal requires us to review the circuit court's decision to dismiss the claim of Mr. Galligan; to examine that court's denial of petitioners' motion for leave to amend their complaint to add Mrs. Galligan as a plaintiff; and to evaluate the relevant law upon which it based these determinations. Prior to reaching the specific standards of review applicable to these decisions, however, we must address an important contention raised by respondents: whether the circuit court's order dismissing Mr. Galligan's claim was a final appealable order, and if so, whether petitioners timely filed an appeal of that decision. Upon review of the relevant

---

[1]The insurance policy contained a provision titled "Loss Payment." That section of the policy states, in part, that:

In the event of loss or damage covered by this Coverage Form, at our option, we will either:

1) Pay the value of lost or damaged property;
2) Pay the cost of repairing or replacing the lost or damaged property . . .;
3) Take all or any part of the property to an agreed or appraised value; or
4) Repair, rebuild or replace the property with other property of like kind and quality . . . .

authorities, we conclude that the order dismissing Mr. Galligan's claim was interlocutory within the context of these proceedings.

> Rule 54(b) of the West Virginia Rules of Civil Procedures provides, in relevant part, that,

> [w]hen multiple parties are involved [in an action], the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates . . . the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the . . . parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating . . . the rights and liabilities of all the parties.

Interpreting this rule, we have held that "[a]n otherwise interlocutory order that is not expressly certified as final by using the language required by Rule 54(b) of the West Virginia Rules of Civil Procedure remains interlocutory so long as the affected party does not seek an appeal." Syl. Pt. 3, in part, *Hubbard v. State Farm Indemn. Co.*, 213 W.Va. 542, 584 S.E.2d 176 (2003).

The order dismissing Mr. Galligan's claim, entered October 27, 2011, did not, in express language, indicate that it was intended to be a final and appealable order. Therefore, we find that the order remained interlocutory and was subject to reconsideration and revision until certified as final by the circuit court. We note that in its decision to deny petitioners' motion for leave to amend the complaint, by order entered on August 14, 2012, the circuit court granted petitioners' motion to certify both orders as final judgments under Rule 54(b). Therefore, we conclude that petitioners' appeal of the circuit court's orders is properly before this Court. We proceed to consider the applicable standards of review.

The circuit court dismissed Mr. Galligan's claim, count five of the complaint, under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure for failure to state a claim upon which relief may be granted. We repeatedly have held that,

> "'[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995)." Syllabus point 1, *State ex rel. Smith v. Kermit Lumber & Pressure Treating Co.*, 200 W.Va. 221, 488 S.E.2d 901 (1997).

Syl. Pt. 1, *Bowers v. Wurzburg*, 205 W.Va. 450, 519 S.E.2d 148 (1999).

The circuit court found that since Mr. Galligan was not an insured under the contract of insurance between Nationwide and Triad, he could not bring a third-party claim for bad faith handling of the insurance claim for loss of his personal property. *See Elmore v. State Farm Mut. Ins. Co.*, 202 W.Va. 430, 434, 504 S.E.2d 893, 897 (1998) ("[t]he basis for liability in tort for the breach of an insurer's implied duty of good faith and fair dealing is grounded upon the special

3

nature of the insurance contract and the relationship which exists between the insured and insurer. That foundation obviously does not exist for a third party.").

Likewise, the circuit court found that Mrs. Galligan could not bring her "negligence" claim for the loss of her real property. Therefore, the circuit court rejected petitioners' attempts to add her cause of action, set forth in count six of the amended complaint. As a general proposition, this Court affords circuit courts broad discretion in ruling upon motions to amend.

> A trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend. Syl. pt. 6, *Perdue v. S.J. Groves & Sons Co.*, 152 W.Va. 222, 161 S.E.2d 250 (1968).

*Lloyd's Inc. v. Lloyd*, 225 W.Va. 377, 382, 693 S.E.2d 451, 456 (2010).

On appeal to this Court, petitioners contend that the claims of the Galligans are not third-party bad faith actions because they are not adversaries of Triad, Nationwide's insured. Petitioners state that the circuit court can resolve the Galligans' claims by applying general common law principles of negligence.[2]

Respondents reply that the circuit court correctly held that the Galligans, third parties to the insurance contract, cannot sue Nationwide in tort for duties defined by the contract of

---

[2]In the alternative, petitioners urge this Court to adopt and apply the negligence principles as articulated in the Restatement of Torts, Second, § 324A, which states,

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to [perform] his undertaking, if
> a) his failure to exercise reasonable care increases the risk of such harm, or
> b) he has undertaken to perform a duty owed by the other to the third person, or
> c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

We summarily reject petitioners' request to adopt the above language in this case, considering Mr. Galligan's deposition testimony that emergency repairs were made before Nationwide was even notified of the claim. Mr. Galligan testified that after those initial emergency repairs were complete, the building was stabilized and there were no signs of escalating damage. Furthermore, he testified that a second roof collapse occurred suddenly on January 24, 2010, which dramatically changed the scope of repairs and caused demolition of the building.

4

insurance. Respondents also point out that the Galligans' connection to the insurance policy is obvious. The primary insured in this case, Triad, is a company that is owned solely by Mr. Galligan. Triad, and by extension the Galligans, have been paid the full policy limits, in excess of $300,000, on a policy that covered real property they purchased in 1996 for $150,000. Notwithstanding this payment, Triad still has pending its bad faith claim against respondents.[3]

Considering the issues presented in the instant appeal, we cannot find that the circuit court committed reversible error. The Galligans are non-parties to a contract of insurance who are attempting to bring a common law tort claim against the insurance carrier of another, arising from the performance of the insurer's duties related to the adjustment of the claim. The circuit court applied the clear language and guiding policy of this Court's holding of *Elmore*. In *Elmore*, we cited to an overwhelming weight of authority stating that third parties to the insurance contract have no common law tort cause of action for a breach of the duty of good faith and fair dealing arising out of those contracts. *See e.g., Eichler v. Scott Pools, Inc.*, 513 N.E.2d 665, 667 (Ind. App. 2 Dist. 1987) ("A claimant has no standing to sue the defendant's insurer for handling a claim negligently or in bad faith. There is no duty running from the insurer to the claimant to settle a claim, nor is the claimant a third-party beneficiary of the duty owed the insured by the insurer.") (citations omitted).

For the foregoing reasons, we affirm the circuit court's decisions dismissing the claim of Mr. Galligan, and denying petitioners' motion for leave to amend the complaint to add Mrs. Galligan as a plaintiff.

Affirmed.

**ISSUED:** June 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis

---

[3]Petitioner Triad still has claims pending against respondents in circuit court for common law bad faith under *Hayseeds v. State Farm Fire & Cas.*, 177 W.Va. 323, 352 S.E.2d 73 (1986), and violation of the West Virginia's Unfair Trade Practice Act, under West Virginia Code § 33-11-4(9).