# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John E. Staubs,**
**Plaintiff Below, Petitioner**

**vs) No. 16-0300** (Kanawha County 15-C-2114)

**Dennis Dingus, Warden, McDowell County**
**Correctional Center, West Virginia Division of**
**Corrections, an agency of the State of West**
**Virginia, and John Doe, unknown person or persons,**
**Defendants Below, Respondents**

**FILED**

**April 10, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John E. Staubs, by counsel Sherman L. Lambert Sr., appeals the Circuit Court of Kanawha County's March 15, 2016, order granting respondents' motions to dismiss. Respondents Dennis Dingus, Warden, McDowell County Correctional Center and the West Virginia Division of Corrections ("DOC"), by counsel Charles R. Bailey and Andrew R. Herrick, filed a response. On appeal, petitioner argues that the circuit court erred in granting respondents' motions to dismiss because he alleged sufficient facts upon which he could obtain relief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 29, 2013, the McDowell County Correctional Center experienced a blockage in its sanitary main. According to petitioner, who was incarcerated at the facility at that time, a DOC employee ordered him to fix the problem. Respondents assert that this task was part of petitioner's duties as a maintenance worker. During the maintenance process, petitioner alleged that a drain plug ruptured and sewage sprayed his face and body. According to his complaint, petitioner ingested sewage and some got in his eyes because he was not wearing any protective clothing at the time. Petitioner further alleged that respondents did not provide him with sanitary safeguards after the incident. Thereafter, petitioner contracted a skin infection and rash, according to his complaint.

In November of 2015, petitioner filed a complaint in the circuit court arising from this incident. Petitioner's complaint alleged violations of the Eight and Fourteenth Amendments to the United States Constitutions pursuant to 42 U.S.C. § 1983 and otherwise. The complaint contained the following counts: (1) cruel and unusual punishment; (2) tort of outrage; (3)

1

invasion of privacy; (4) negligent supervision, training, and retention; and (5) reprehensible conduct, among other claims. Thereafter, respondents filed motions to dismiss petitioner's complaint based upon qualified immunity. In March of 2016, the circuit court granted respondents' motions to dismiss. It is from the order granting the motions that petitioner appeals.

We have previously held that "'[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995)." Syl. Pt. 2, *Hill v. Stowers*, 224 W.Va. 51, 680 S.E.2d 66 (2009). Additionally, we have held as follows:

> "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Co.*, 160 W.Va. 530, 236 S.E.2d 207 (1977).

Syl. Pt. 2, *Roth v. DeFeliceCare, Inc.*, 226 W.Va. 214, 700 S.E.2d 183 (2010). Upon our review, the Court finds no error in the circuit court's order granting respondents' motions to dismiss.

On appeal, petitioner argues that the circuit court erred in dismissing his complaint because he alleged sufficient facts to state a claim upon which he could obtain relief. Specifically, petitioner argues that he alleged that respondents violated the Eighth and Fourteen Amendments to the United States Constitution and such allegation is sufficient to survive a motion to dismiss. We do not agree. As the circuit court specifically found, petitioner's claims essentially alleged negligence by respondents in allowing him to be exposed to sewage. Accordingly, the circuit court was correct in finding that petitioner's claims were barred by respondents' qualified immunity.

This Court has previously held that

> [i]n the absence of an insurance contract waiving the defense, the doctrine of qualified or official immunity bars a claim of mere negligence against a State agency not within the purview of the West Virginia Governmental Tort Claims and Insurance Reform Act, W. Va.Code § 29-12A-1, *et seq.*, and against an officer of that department acting within the scope of his or her employment, with respect to the discretionary judgments, decisions, and actions of the officer." Syl. Pt. 6, *Clark v. Dunn*, 195 W.Va. 272, 465 S.E.2d 374 (1995).

Syl. Pt. 1, *Hess v. W.Va. Div. of Corrections*, 227 W.Va. 15, 705 S.E.2d 125 (2010). Here, all of petitioner's claims stemmed from his allegation that respondents negligently allowed him to be exposed to sewage during the course of his duties as a maintenance worker in a DOC facility. So, while it is true that petitioner alleged that respondents violated the Eighth and Fourteenth Amendments, the fact that he alleged negligence as the sole basis for his claims precluded recovery on any of the counts from the complaint. Moreover, petitioner baldly alleged violations of these amendments but failed to allege any facts that would support such violations. Simply put, identifying constitutional amendments is not sufficient to state a claim upon which relief

may be granted. For these reasons, we find no error in the circuit court granting respondents' motions to dismiss.

Moreover, petitioner argues that the circuit court should have allowed him to amend his complaint so that it could set forth sufficient facts upon which he could obtain relief. We do not agree. Rule 15(a) of the West Virginia Rules of Civil Procedure states that, after a responsive pleading is served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Further, we have held that

"[a] trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend." Syllabus point 6, *Perdue v. S.J. Groves & Sons Co.*, 152 W.Va. 222, 161 S.E.2d 250 (1968).

Syl. Pt. 2, *Lloyd's, Inc. v. Lloyd*, 225 W.Va. 377, 693 S.E.2d 451 (2010). In this matter, petitioner does not cite to any request to amend his complaint. Indeed, the record is devoid of any motion for leave to file an amended complaint. Accordingly, petitioner can cite to no abuse of discretion in the circuit court's dismissal of his action without first granting leave to file an amended complaint.

For the foregoing reasons, the circuit court's March 15, 2016, order granting respondents' motions to dismiss is hereby affirmed.

Affirmed.

**ISSUED**:  April 10, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis
Justice Margaret L. Workman