# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Joann Dickens,**
**Defendant Below, Petitioner**

**vs.) No. 18-0568** (Raleigh County 17-C-351-K)

**Rebecca Chapel Church,**
**Rebecca Chapel United,**
**Steven Smith, Ronald Sanbower,**
**Lonnie Burnside, James Farley,**
**Gary Daniels,**
**Plaintiffs Below, Respondents**

**FILED**

**November 8, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joann Dickens, by counsel Brandon L. Gray, Matthew A. Bradford, and Kyle G. Lusk, appeals the Circuit Court of Raleigh County's June 1, 2018, order granting respondents' motion for summary judgment. Respondents Rebecca Chapel Church, Rebecca Chapel United, Steven Smith, Ronald Sanbower, Lonnie Burnside, James Farley, and Gary Daniels, by counsel William R. Wooten, filed a response in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in finding that respondents did not act in bad faith and denying petitioner's motion to conduct discovery prior to granting summary judgment.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2017, respondents filed a civil complaint alleging that petitioner fraudulently embezzled approximately $27,483.94 while she was the treasurer of the Rebecca Chapel Church. Respondents alleged that petitioner was appointed treasurer in May of 2012 and resigned in February of 2013 after confessing to using church funds for personal use. Respondents asserted several causes of action: fraud, conversion, and embezzlement; and a breach of fiduciary duty. Respondents requested compensatory damages, punitive damages, pre- and post-judgment interest, and attorney's fees. In August of 2017, petitioner filed a motion to dismiss all asserted

claims based on the statute of limitations. Petitioner correctly identified respondents' causes of action as torts, which were subject to a two-year statute of limitations pursuant to West Virginia Code § 55-2-12.[1]

Respondents moved to amend the complaint and filed an amended complaint in September of 2017 that asserted two additional causes of action, a breach of contract claim and default on payment of note. In support of the breach of contract claim, respondents alleged that, following the discovery of the missing funds, petitioner "confessed that she had misused funds and pledged to repay the entire amount." Thereafter, respondents entered into a contract with petitioner to repay $20,000, "and in consideration therefore the Church agreed to forgive . . . $7,483.94 of the money stolen by [petitioner], and instead accept[ed] . . . to be repaid in forty (40) consecutive monthly payments beginning on the 1st day of June, 2013." Respondents alleged that petitioner delivered a promissory note for $20,000 on May 13, 2013, which required one $500 payment per month for forty months and terminated in September of 2016. Finally, respondents alleged that petitioner had no intention of repaying the note and fraudulently induced respondents to accept the same to their detriment. Respondents asserted that due to petitioner's breach of contract, she was contractually obligated to repay the original $27,483.94. In support of the default in payment of note claim, respondents alleged that petitioner paid only $1,946.00 toward the promissory note and had made no payments since September of 2014. Respondents requested payment of the remaining $18,054.00 balance of the note.

The circuit court held a hearing on petitioner's motion to dismiss and respondents' motion to amend the complaint in September of 2017. Respondents argued that petitioner would have ample time to respond to the amended complaint and, therefore, would not be prejudiced by the amendment. Petitioner objected to the motion and argued that respondents acted in bad faith by strategically choosing to exclude the additional causes of action in the original complaint in an attempt to obtain punitive damages. Ultimately, the circuit court granted the motion to amend and in doing so considered that Rule 15 of the West Virginia Rules of Civil Procedure is "an extremely liberal rule;" that this matter was filed relatively recently; petitioner would have ample opportunity to respond to the amended complaint; respondents had not acted in bad faith; and respondents had "not acted out of a dilatory motive." The circuit court also heard petitioner's motion to dismiss the first two causes of action in the complaint, but held that motion in abeyance.

Following that hearing, respondents served petitioner with written interrogatories and requested that petitioner provide:

(a) The total amount of payments you have made on your note dated May 13, 2013 payable to the order of REBECCA CHAPPEL [sic] UNITED METHODIST

---

[1]West Virginia Code § 55-2-12 provides, in relevant part: "Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property . . . ."

CHURCH. (b) The dates and amounts of each payment. (c) To whom each payment was made. (d) Any form of documentary evidence of such payments, including but not limited to receipts or cancelled checks.

Under oath, petitioner responded that the total amount paid to respondents was $1,946.00. Petitioner included a list of individual payment amounts and copies of receipts of payments in her answer. Respondents moved for summary judgment on the default on payment of note claim. Petitioner objected and filed a motion to dismiss respondents' breach of contract claim.

In March of 2018, the circuit court held a hearing on the pending motions. Respondents argued that petitioner admitted to paying only $1,946.00 toward the promissory note and that summary judgment for the remaining amount, with pre- and post-judgment interest applied, was appropriate. Petitioner objected and argued "there was a strong possibility that if we are allowed to engage in discovery, that there's a chance that [respondents] received more funds than is actually contained in the pleadings thus far." Petitioner believed that she made cash payments to respondents, but did not receive a receipt for those payments. Respondents replied that the accountings of both parties matched and showed that petitioner paid only $1,946.00 total. Ultimately, the circuit court ordered respondents to search for "anything else, any other ledger book, any other document that would reflect payments that [petitioner] made" and held respondents' motion for summary judgment in abeyance until that time.

The circuit court entered a final order for summary judgment in respondents' favor on June 1, 2018. In the order, the circuit court noted that respondents filed a letter detailing a "diligent search of the records" completed by two of the respondents and "each of their searches has disclosed no record of any payments other than the $1,946.00 which [respondents] contend that [petitioner] made, and which [petitioner] in her [a]nswers to [i]nterrogatories likewise contends that she made." Accordingly, the circuit court granted summary judgment and awarded respondents judgment against petitioner for the sum of $18,054.00 with pre- and post-judgment interest. Petitioner now appeals this order.

We review petitioner's appeal of the circuit court's summary judgment order de novo. *See* syl. pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo*."). Additionally,

> "[i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to *de novo* review." Syllabus point 2, *Walker v. West Virginia Ethics Commission,* 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 5, *Peters v. Rivers Edge Min., Inc.*, 224 W. Va. 160, 680 S.E.2d 791 (2009).

On appeal, petitioner argues that the circuit court clearly erred in finding that respondents did not act in bad faith when amending the original complaint. In support, petitioner cites Rule

3

15(a) of the Federal Rules of Civil Procedure and federal cases interpreting this federal rule.[2] In doing so, petitioner imposes a requirement that a plaintiff moving to amend a complaint must do so in the absence of bad faith. However, petitioner does not identify a case where this Court has applied such a requirement. Rule 15 of the West Virginia Rules of Civil Procedure permits the amendment of a pleading by a matter of course prior to the service of a responsive pleading or "only by leave of court . . . and leave shall be freely given when justice so requires." This Court has further clarified that

> "'[t]he purpose of the words "and leave [to amend] shall be freely given when justice so requires" in Rule 15(a) W. Va. R. Civ. P., is to secure an adjudication on the merits of the controversy as would be secured under identical factual situations in the absence of procedural impediments; therefore, motions to amend should always be granted under Rule 15 when: (1) the amendment permits the presentation of the merits of the action; (2) the adverse party is not prejudiced by the sudden assertion of the subject of the amendment; and (3) the adverse party can be given ample opportunity to meet the issue.' Syllabus Point 3, *Rosier v. Garron, Inc.,* 156 W.Va. 861, 199 S.E.2d 50 (1973)." Syllabus point 2, *State ex rel. Vedder v. Zakaib,* 217 W.Va. 528, 618 S.E.2d 537 (2005).

Syl. Pt. 5, *Lloyd's, Inc. v. Lloyd*, 225 W. Va. 377, 693 S.E.2d 451 (2010). "A trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions." *Id.* at 379, 693 S.E.2d at 453, syl. pt. 2, in part. Because West Virginia case law does not require a determination of whether a party acted in bad faith, the circuit court's finding is inconsequential. Petitioner is entitled to no relief.

Further, the circuit court did not err in permitting respondents to amend their complaint. As the circuit court noted in its reasoning, Rule 15 is an extremely liberal rule. *See* syl. pt. 6, *Cotton States Mut. Ins. Co. v. Bebbie*, 147 W. Va. 786, 131 S.E.2d 745 (1963) ("Liberality with regard to amended and supplemental pleadings is allowed under the Rules of Civil Procedure."). In this case, where the amendment was filed relatively soon after the initial pleading and where petitioner was given ample opportunity to respond to the issue and not prejudiced by the sudden assertion, the circuit court correctly permitted amendment of this initial complaint.

Petitioner also argues that the circuit court erred in granting respondents' motion for summary judgment without first allowing her an opportunity to conduct discovery. Petitioner asserts that Rule 26(b)(1) of the West Virginia Rules of Civil Procedure provides that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter . . . if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." However, petitioner does not address Rule 56 of the West Virginia Rules of Civil Procedure, which provides procedural requirements related to summary judgment. Rule 56(c)

---

[2]Notably, this Court has stated that "[a] federal case interpreting a federal counterpart to a West Virginia rule of procedure may be persuasive, but it is not binding or controlling." Syl. Pt. 3, *Brooks v. Isinghood*, 213 W. Va. 675, 584 S.E.2d 531 (2003).

declares "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that *there is no genuine issue as to any material fact* and that the moving party is entitled to a judgment as a matter of law." (Emphasis added). Parties opposing the motion may utilize Rule 56(f), which provides "a procedural 'escape hatch' . . . for a party who genuinely requires additional time to marshal material facts to contest a summary judgment motion." *Powderidge Unit Owners Assoc. v. Highland Properties, Ltd.,* 196 W. Va. 692, 701, 474 S.E.2d 872, 881 (1996). Petitioner's argument fails when considering that "the party making an informal Rule 56(f) motion must . . . demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine and material." *See* syllabus, *Elliot v. Schoolcraft*, 213 W. Va. 69, 576 S.E.2d 796 (2002) (applying the four-requirement test provided in *Powderidge* to a party's informal Rule 56(f) motion). In this case, respondents alleged petitioner paid only a certain amount toward the balance of her promissory note. In the following interrogatories posed by respondents, petitioner *agreed under oath*[3] that she paid $1,946.00 and provided records to establish the payments. Petitioner's later assertions that she made unrecorded cash payments were not supported by any evidence. The circuit court ordered that respondents conduct a review of their records for cash payments as a courtesy to petitioner, but it was clear at the March of 2018 hearing that no genuine issue as to any material fact existed. The parties agreed as to the amounts paid and owed. Accordingly, petitioner is entitled to no relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 8, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[3]Consistent with Rule 33(b)(1) of the West Virginia Rules of Civil Procedure "[e]ach interrogatory shall be answered separately and fully in writing *under oath*." (emphasis added). Petitioner does not argue that her answers were untruthful.