Samuel ARTIST, Plaintiff–Appellant,

v.

VIRGINIA INTERNATIONAL TERMINALS, INC.; Roger J. Giesinger, Defendant–Appellee.

and

Virginia Port Authority, Defendant.

No. 88–1541.

United States Court of Appeals, Fourth Circuit.

Submitted July 21, 1988.

Decided Sept. 30, 1988.

Neil C. Bonney, White and Selkin, Norfolk, Va., on brief for plaintiff-appellant.

John M. Ryan, Dean T. Buckius, Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief for defendant-appellee.

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

PER CURIAM:

Samuel Artist, plaintiff in a civil action alleging deprivation of constitutional due process pursuant to 42 U.S.C. § 1983 and tortious interference with an employment relationship under state law, appeals the order of the district court granting summary judgment in favor of the defendant, Virginia International Terminals, Inc. ("VIT"). Finding no error, we affirm.

In 1985, Artist was employed as a truckdriver by Service Transfer, Inc., a Virginia company engaged in the transport of ship containers from publicly owned terminals controlled by the Virginia Port Authority and operated by VIT.[1] Following an incident on September 5, 1985 in which Artist engaged in a fight on terminal premises with a VIT employee, Service Transfer received notification that Artist was barred from further access to VIT property. Although the debarment apparently reduced Artist's value to Service Transfer and effected some diminution of his income, he remained employed until his voluntary resignation on October 4, 1985.

Artist subsequently filed the instant civil action alleging that his debarment without prior notice or hearing deprived him of constitutionally protected interests in property and liberty. Artist also asserted that VIT's action amounted to tortious interference with an employment relationship in accordance with state law. The district court disagreed, reasoning that Artist's at-will employment had not constituted a protectable property interest recognized by Virginia law. The court further concluded that no impairment of liberty had been shown because (1) Artist had failed to demonstrate any stigmatizing effect stemming from VIT's action and (2) as a governmental entity, VIT enjoyed broad powers to exclude undesirable individuals from government property. Finally, the district court held that the absence of any evidence of improper or independently tortious activity by VIT defeated Artist's pendent state claim. Accordingly, full summary judgment was granted in favor of VIT.

On appeal, Artist contends that the district court erred in assessing the extent of his property interest in his employment. He further contends that a governmental entity's unilateral discretion to deny access recognized in *Cafeteria and Restaurant Workers Union, Local 473, AFL–CIO v. McElroy*, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961) has been limited by the recent decision in *Department of the Navy v. Egan*, 484 U.S. ——, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988). Finally, Artist argues that the constitutional violations by VIT would also satisfy the Virginia state law standard for tortious interference with contract.

Upon full consideration of the record and the briefs,[2] we find appellant's contentions wholly without merit. The district court's thorough and well written opinion has correctly identified and applied relevant federal and state law.[3] We, therefore, affirm the grant of summary judgment in favor of VIT for the reasons expressed by the district court. *Samuel Artist v. Virginia International Terminals, Inc.*, 679 F.Supp. 587 (E.D.Va.1988).

AFFIRMED.

---

1. VIT is a non-stock, nonprofit corporation formed pursuant to Chapter 2 of Title 13.1 of the Code of Virginia. The corporation is wholly owned by the Virginia Port Authority, an agency of the Commonwealth of Virginia.

2. By mutual consent, the parties to this appeal have waived oral argument and submitted the case for determination on the basis of the appellate briefs.

3. Appellant's reliance on *Egan, supra* is particularly misplaced. Unlike *Cafeteria Workers* which deals with the general authority of government to exclude individuals from government property, *Egan* deals with the procedural rights granted federal employees by a specific statute. It is thus utterly inapposite to the issues raised in the present case.