# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Angela Bee,**
**Plaintiff Below, Petitioner**

**FILED**

**November 8, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 12-1111** (Kanawha County 11-C-1878)

**West Virginia Supreme Court of Appeals,**
**the Honorable David Hummel, Judge, the**
**Honorable David M. Buzzard, Magistrate,**
**and the Honorable William D. Anderson,**
**Magistrate, Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Angela Bee, by counsel Walt Auvil, appeals the order of the Circuit Court of Kanawha County, entered August 28, 2012, denying petitioner's motion to amend the complaint and granting respondents' motion to dismiss.[1] Respondents appear by counsel John M. Hedges and Stephanie J. Shepherd.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In early 2011, a senior field auditor with the West Virginia State Auditor's Office conducted a routine audit of court procedures of the Marshall County Magistrate Court for the 2010 calendar year.[2] Petitioner, a will-and-pleasure employee, was the magistrate court clerk at

---

[1]Petitioner filed her Notice of Appeal using the form prescribed by this Court. In doing so, she indicated "yes" in response to question fourteen, "Do you know of any reason why one or more of the Supreme Court justices should be disqualified from this case?" Petitioner supplemented her answer on that form by stating that the Court is a party to the case, but she has never filed a motion for disqualification. The form clearly states that she is not relieved of her obligation to do so in accordance with Rule 33. Inasmuch as the Court is a nominal party only, and there is a lack of a basis for disqualification as set forth in Canon 3(E)(1) of the Code of Judicial Ethics, no undersigned justice will disqualify himself or herself *sua sponte*.

[2]The audit was conducted pursuant to West Virginia Code § 50-3-8, which provides:

The chief inspector of public offices shall perform an annual financial audit of each magistrate court. In addition to and in conjunction with the financial audit,

1

that time. In a post-audit conference conducted on Monday, April 18, 2011, prior to the formal issue of the audit report, the field officer and his supervisor related their conclusions to petitioner and Respondent Chief Circuit Judge David Hummel, Jr. The auditors made three recommendations in that conference and in the later report that are relevant to this appeal. First, they recommended that magistrate court judges include in their case files the prosecuting attorney's motion to dismiss a case, after having found that sixteen of sixty sampled misdemeanor and worthless check complaints were dismissed with no apparent underlying motion. Next, the auditors recommended that the magistrate court use only forms approved by this Court's administrative office, after having found that magistrate court judges were not doing so. Finally, the auditors recommended that the magistrate court clerk revise the case rotation system to ensure that truancy cases were divided equally among magistrate court judges, because all truancy cases had previously been assigned to only one magistrate judge.

Petitioner alleges in the complaint that she prepared a summary of the audit findings at the request of Judge Hummel, and that she gave some portion of this document to him at the conclusion of the April 18th meeting. Petitioner further alleges that immediately following the meeting regarding the audit findings, Judge Hummel met with Respondent Magistrate Judge Anderson. Petitioner's complaint does not indicate the purpose of that meeting, and she was not present for it. Petitioner's complaint then alleges that Magistrate Anderson wrote a letter to Judge Hummel on April 21st, complaining about petitioner, and that Respondent Magistrate Judge Buzzard wrote a letter to and met with Judge Hummel on April 26th, requesting that the chief judge terminate petitioner's employment. Magistrate Anderson's letter, attached as an exhibit to petitioner's response to respondents' motion to dismiss, stated in part:

> I, along with Magistrate Buzzard and our staffs, have for years now tried to tolerate the actions of the Magistrate Court Clerk, Angie Bee. But during recent weeks her conduct has poisoned the working environment of the Marshall County Magistrate Court, and is (*sic*) attempting to undermine the offices of myself and Magistrate Buzzard.

> I have not yet prepared, but will do so upon my return, my response to the allegations/problems that have been alleged by the clerk concerning the performance of the Magistrates, including, but not limited to, "her" interpretation of the law that the Magistrates should do or have not done certain things.

---

> the chief inspector of public offices shall perform or cause to be performed an audit of the case filings of each magistrate court. The chief inspector shall report the annual number of case filings of each magistrate court to be included in the financial audit report to be made to the Supreme Court of Appeals, circuit court of the county and the Legislative Auditor. The Supreme Court of Appeals shall make a written finding that it has examined the report and that the annual number of case filings in each magistrate court accurately represents the total number of cases actually brought before that magistrate court. This finding shall be made prior to any redistribution of magistrates which is based upon the increase or decrease of case filings in any magistrate court.

The following analogy should really put the situation in proper perspective. Now I can safely bet that you, as a Circuit Court Judge, would in no manner whatsoever, put up with [the circuit court clerk], telling you how to run your court or complaining to the Supreme Court that you are not doing your job as he sees it. I am only requesting that we, the elected Magistrates, be permitted to perform our duties in an atmosphere befitting of a Court.

Respondent Magistrate Judge Buzzard's letter, attached to the same pleading, stated:

I received a copy of Magistrate Andersons (*sic*) letter to you dated April 21, 2011. I also have had several conversations with Magistrate Anderson regarding the intolerable atmosphere currently, and for the past several years, at the Magistrate Court.

For the past 5 or 6 years, we have done our best to get along with the clerk, Angie Bee. Unfortunately, Ms. Bee has not responded to our goodwill, and has continued to be disrespectful to the judiciary, going so far as to express her feelings in writing. In addition to the scurrilous documents she has produced about us and our staff, she has been verbally confrontational.

Both Magistrate Judge Anderson and I feel that the only solution is to remove Ms. Bee from serving in any capacity for the Magistrate Court, as all previous attempts to work with her have failed.

Petitioner's employment was terminated on April 26, 2011, by letter addressed to her by Judge Hummel. Petitioner filed her complaint in the Circuit Court of Kanawha County on October 19, 2011, alleging wrongful termination in violation of the West Virginia Whistle-blower Statute.[3] On December 5, 2011, respondents filed a motion to dismiss for failure to state a claim upon which relief could be granted. Then, on December 23, 2011, petitioner filed a motion to amend the complaint to add a separate cause of action against Magistrates Buzzard and Anderson for tortious interference with an employment relationship.

By order entered August 28, 2012, the circuit court granted the motion to dismiss and denied the motion to amend. The circuit court found that the complaint failed to allege any facts supporting a finding of "waste" or "wrongdoing" within the meaning of W.Va. Code § 6C-1-2(f) or (h), and that petitioner's memorandum about the audit findings "merely reiterated the contents of a public record[.]" The court further found that amendment of the complaint would be futile and would "do nothing more than delay the inevitable dismissal of her suit" because neither magistrate judge "used any improper methods when they expressed their concern about [petitioner's] divisive behaviors to the [respondent] chief circuit judge."

---

[3]According to the circuit court order, petitioner was granted an administrative hearing to challenge her dismissal, and Senior Status Judge Fred L. Fox, II affirmed the termination decision following same.

3

On appeal, petitioner asserts two assignments of error. First, she argues that the circuit court erroneously granted respondents' motion to dismiss because she properly pled a cause of action based on a violation of the West Virginia Whistle-blower Law. As confirmed in *Wrenn v. West Virginia Department of Transportation*, 224 W.Va. 424, 427, 686 S.E.2d 75, 78 (2009), this Court "generally reviews circuit court orders granting motions to dismiss *de novo*." Syl. pt. 1, *Lontz v. Tharp*, 220 W.Va. 282, 647 S.E.2d 718 (2007); syl. pt. 1, *Rhododendron Furniture & Design v. Marshall*, 214 W.Va. 463, 590 S.E.2d 656 (2003). Second, petitioner argues that the court erroneously denied her motion to amend the complaint. We have held:

> "A trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend." Syl. Pt. 6, *Perdue v. S.J. Groves & Sons Co.*, 152 W.Va. 222, 161 S.E.2d 250 (1968).

Syl. Pt. 2, *Lloyd's, Inc. v. Lloyd*, 225 W.Va. 377, 693 S.E.2d 451 (2010). We consider the parties' arguments in light of these standards, beginning with petitioner's contention that the circuit court should not have granted respondents' motion to dismiss.

Petitioner's complaint asserted that she was wrongfully terminated in violation of W.Va. Code § 6C-1-3, which provides in part:

> (a) No employer may discharge, threaten or otherwise discriminate or retaliate against an employee by changing the employee's compensation, terms, conditions, location or privileges of employment because the employee, acting on his own volition, or a person acting on behalf of or under the direction of the employee, makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste.

We note that the activity for which petitioner claims protection was performed in the normal course of her employment, and she acknowledged as much in her pleading. In paragraph 8 of her complaint, petitioner stated that "[h]er duties included . . . assisting the auditors." In paragraph 11, she stated that she was "required by her job position" to provide information to the auditor. In paragraph 29, she stated that the memorandum she prepared for Respondent Chief Judge Hummel "responded to [his] request to [petitioner] for a written summary of the main issues resulting from the audit." Based on her own pleadings, petitioner is unable to show that the activity she claims as protected was undertaken "on [her] own volition." Rather, she was acting in accordance with her job responsibilities.

In addition, we agree with the circuit court that the complaint fails to allege acts that constitute waste or wrongdoing within the meaning of the Whistle-blower Law. "'Waste' means an employer or employee's conduct or omissions which result in substantial abuse, misuse, destruction or loss of funds or resources belonging to or derived from federal, state or political subdivision sources." W.Va. Code § 6C-1-2(f) (2010). "'Wrongdoing' means a violation which

4

is not of a merely technical or minimal nature of a federal or state statute or regulation, of a political subdivision ordinance or regulation or of a code of conduct or ethics designed to protect the interest of the public or the employer." W.Va. Code § 6C-1-2(h) (2010). As the circuit court adequately explained, the issues identified by the auditor are not violations of any statute or rule, and do not constitute a gross misuse or loss of public funds.[4]

We turn now to petitioner's argument that the circuit court wrongfully denied her motion to amend the complaint to add a cause of action against the respondent magistrate judges for tortious interference with a business relationship. According to syllabus point 2 of *Torbett v. Wheeling Dollar Sav. & Trust Co.*, 173 W.Va. 210, 314 S.E.2d 166 (1983), the elements of a prima facie case for tortious interference are: 1) existence of a contractual or business relationship or expectancy; 2) an intentional act of interference by a party outside that relationship or expectancy; 3) proof that the interference caused the harm sustained; and 4) damages. The circuit court correctly explained that this tort requires a showing of the use of "improper methods" when the employment contract is "terminable-at-will." *C.W. Dev., Inc. v. Structures, Inc. of West Virginia,* 185 W.Va. 462, 464, n. 3, 408 S.E.2d 41, 44, n.3 (1991) *citing Artist v. Virginia Intern. Terminals, Inc.*, 679 F.Supp 587, 595 (E.D. Va. 1988), *aff'd*, 857 F.2d 977 (4th Cir. 1988).

The circuit court declined to grant the motion to dismiss because petitioner did not plead the use of improper methods on the part of either magistrate. Petitioner's terse argument before this Court is that "the absence of an allegation of an 'improper method' goes to the proof of the claim, not to the allegations necessary to proceed forward." It is apparent, however, that petitioner has asserted the method that would form the basis of this claim—that is, the memoranda written to respondent chief judge by each respondent magistrate judge—and it was not an abuse of discretion for the circuit court to determine that no factual development could bring either interdepartmental memorandum under the umbrella of improper conduct.[5] As the circuit court explained, the chief judge was the administrative head of the magistrate court, and it was reasonable and proper for magistrate judges to bring concerns to his attention in such a manner. Further litigation of that claim would have been futile.

For the foregoing reasons, we affirm.

---

[4]The context of the auditor's findings is noteworthy. West Virginia Code §50-3-8n directs, primarily, the conducting of a financial audit. The engagement letter sent to the Court's administrative office by the State Auditor's Office, which petitioner attached as an exhibit to her response to respondents' motion to dismiss, details fourteen procedures for the audit, many with subparts. The auditors' recommendations relate to a very small portion of the overall audit, and relate to non-financial court procedures. The conduct that is the subject of each recommendation, though appropriate for redress, is "minimal" or "technical."

[5]We have not defined "improper method" in this context, but the circuit court reasonably considered *Duggin v. Adams*, 234 Va. 221, 360 S.E.2d 832 (1987), wherein the Virginia Supreme Court explained that "[m]ethods of interference considered improper are those means that are illegal or independently tortious. . . ." *Id*. at 227, 836 (citations omitted).

Affirmed.

**ISSUED:** November 8, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

6